

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Stirling T. Phelps
County Attorney
Webb County
Laredo, Texas

Dear Sir:                              Opinion No. O-3575

                                       Re: Is Webb County liable for
                                           jury service fees under
                                           the circumstances presented?

Your letter of May 19, 1941, requesting the opinion of this Department on the above stated question, has been received.

Your letter reads in part as follows:

"...

"The case of the State of Texas vs. Thomas J. Dix, No. 3172 on the docket of the District Court of Wilson County, Texas, 81st Judicial District, is there by reason of change of venue from Webb County, in which latter county the indictment was returned.

"The district court of Wilson County began its last regular session on the 9th Monday after the 1st Monday in February, 1941, which was the 7th day of April, 1941. It is a fair presumption that a petit jury was summoned for the second week of that court for the trial of any cases coming before it, and such jury was present on the 14th and 15th days of April, when an effort was made to go to trial in the case of the State of Texas vs Dix, but this case was continued and not tried.

"Webb County is now presented with an account with Wilson County, Texas, in the following words:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Stirling T. Phelps, page 2

"To Petit jury fees in case State vs. Thomas
J. Dix, No. 3172 moved from Webb County To Wilson
County, jury was used two days in an effort to get
to trial . . . $165.00 (April 14 and 15, 1941.)"

"The account is certified to as being correct
by J. B. Franklin, Clerk of the District Court of
Wilson County, Texas, under date of May 10th, 1941,
and was also certified as being "correct and should
be paid by Webb County to Wilson County in connection
with the above case," by S. B. Carr, District Judge,
81st Judicial District of Texas.

"Inasmuch as Article 1050, C. C. P., quoted
above, refers to the trial jury and not to talesmen
summoned for a week's jury service, I am of the
opinion that Webb County does not owe this bill and
will so advise our commissioners' court because I
do not construe the law to require Webb County in
this instance to pay for jurors summoned for the
week in Wilson County and not used in the trial of
this case.

". . .

"Inasmuch as there are no decisions of our
higher courts under these two articles and I am not
aware of any opinion thereon issued by your Office,
I submit it to you upon the plain provisions of the
statutes and request an opinion from your Office as
to whether Webb County is liable for jury service
fees under the peculiar circumstances here presented."

Articles 1050 and 1051, Code of Criminal Procedure, read
as follows:

"Article 1050. In all cases where indictments
have been presented against persons in one county
and such causes have been removed by change of venue
to another county, and tried therein, the county from
which such cause is removed shall be liable for all
expenses incurred for pay for jurors in trying such
causes."

Hon. Stirling T. Phelps, page 3

"Article 1051. The county commissioners of each county at each regular meeting shall ascertain whether, since the last regular meeting, any person has been tried for crime upon a change of venue from any other county. If they find such to be the case they shall make out an account against such county from which such cause was removed showing the number of days the jury in such cases was employed therein, and setting forth the amount paid for such jury service; such account shall then be certified to as correct by the county judge of such county, under his hand and seal, and be, by him, forwarded to the county judge of the county from which the said cause was removed; which account shall be paid in the same manner as accounts for the safe keeping of prisoners."

Considering Articles 1050 and 1051, supra, it is apparent that the expense incurred for pay for jurors in trying such cases as mentioned in said statutes is not due and payable until the case or cases are actually tried. Under the facts stated in your letter, the case has not been tried. Therefore, it is our opinion that the claim presented by Wilson County is premature and cannot now be paid by Webb County. If and when the case is actually tried in Wilson County and a claim is presented by Wilson County to Webb County, we will then be glad to consider any further request concerning the same that you may desire to present.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED JUL 9, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:N

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE